**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

RONNIE BLANCH,

         Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, *et al.*,

         Defendants.

Case No. 2:14–cv–1762–GMN–VCF

**<u>ORDER</u>**

This matter involves (# [1]) *pro se* Plaintiff Ronnie Blanch's civil rights action against the Las Vegas Metropolitan Police Department and Officer Josh Costello. Before the court is Blanch's Application to Proceed *in Forma Pauperis* and Complaint. For the reasons stated below, Blanch's Application to Proceed *in Forma Pauperis* is granted and Blanch is ordered to filed a legible complaint within fourteen days.

## *IN FORMA PAUPERIS* APPLICATION

Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g.*, *Fridman v. City of New York*,

---

[1] Parenthetical citations refer to the court's docket.

195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed .Appx. 157 (2nd Cir. 2002). Here, Plaintiff asserts in his application to proceed *in forma pauperis* that she has been unemployed since 2005, has no assets, and no money in a checking or savings account. Accordingly, Plaintiff's application to proceed *in forma pauperis* is granted.

## LEGAL STANDARD

After a court grants a plaintiff *in-forma-pauperis* status, it must review the operative complaint to determine whether it is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). This review is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## DISCUSSION

Here, the court cannot review Plaintiff's complaint pursuant to section 1915(e) because it is illegible. (*See, e.g.*, Compl. (#1) at 4–5). Therefore, Plaintiff is ordered to file a legible complaint within fourteen days of this order. Failure to file a legible complaint will result in a recommendation to the District Judge that Plaintiff's complaint be dismissed with prejudice.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Applications to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court file the complaint.

IT IS FURTHER ORDERED that Plaintiff file a LEGIBLE complaint within fourteen days of this order. Failure to file a legible complaint within fourteen days will result in a recommendation to the District Judge that Plaintiff's complaint be DISMISSED WITH PREJUDICE.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 28th day of October, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE