**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| RONNIE BLANCH,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, OFFICER JOSH COSTELLO,<br><br>　　　　　　Defendants. | 2:14-cv-01762-GMN-VCF<br>**REFERRAL TO PRO BONO PROGRAM** |

　　　　Before the court is Plaintiff's Motion for Appointment of Counsel (#39). Defendants filed a response. (#40). A settlement conference is scheduled for February 10, 2016.

**DISCUSSION**

　　　　There is no constitutional right to appointed counsel in a federal civil rights action. *See, e.g.*, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *op. reinstated in pertinent part*, 154 F.3d 952, 954 n. 1 (9th Cir. 1998) (en banc). Under 28 U.S.C. § 1915(e)(1), the district court may request that an attorney represent an indigent civil litigant. *See, e.g.*, *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). While the decision to request counsel is a matter that lies within the discretion of the district court, the court may exercise this discretion to request or "appoint" counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.*

Blanch's motion fails to satisfy this standard. In light of the upcoming settlement conference, the court finds that the presence of a *pro bono* counsel would be beneficial to all parties toward reaching a resolution of this matter.

This case is referred to the Pilot *Pro Bono* Program ("Program") adopted in General Order 2014-01 for the purpose of screening for financial eligibility (if necessary) and identifying counsel willing to be appointed as *pro bono* counsel for Plaintiff Ronnie Blanch. The scope of appointment will be for the limited purpose of representation at the settlement conference. By referring this case to the Program, the Court is not expressing an opinion as to the merits of the case.

Accordingly,

**IT IS HEREBY ORDERED** that this case is referred to the Pilot *Pro Bono* Program for appointment of counsel for the purposes identified herein.

**IT IS FURTHER ORDERED** that Plaintiff Blanch's Motion for Appointment of Counsel (#39) is GRANTED in part and DENIED in part as stated above.

**IT IS FURTHER ORDERED** that the settlement conference scheduled for February 10, 2016 is VACATED and rescheduled to 10:00 a.m., April 22, 2016. The confidential settlement statement is due by noon, April 15, 2016. All else remains unchanged in the Order scheduling the settlement conference (#38). Defendants must facilitate Plaintiff Blanch's transportation to and from the settlement conference from Southern Desert Correctional Center.

**IT IS SO ORDERED.**

DATED this 28th day of January, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE