# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Ronnie Blanch, )<br>)<br>        Plaintiff, )<br>)<br>   vs. )<br>)<br>Las Vegas Metropolitan Police Department; )<br>Officer Josh Costello, )<br>)<br>       Defendants. )<br>_____ ) | Case No.: 2:14-cv-1762-GMN-VCF<br><br>**ORDER** |

Pending before the Court is the Motion for Judgment on the Pleadings, (ECF No. 32), filed by Defendants Las Vegas Metropolitan Police Department ("LVMPD") and Officer Josh Costello. Though the deadline passed on August 16, 2015, *pro se* Plaintiff Ronnie Blanch has not filed a response or otherwise indicated opposition to this Motion. For the reasons set forth herein, the Motion will be granted, and the Court will order that judgment be entered in Defendants' favor.

## I. BACKGROUND

This case centers upon allegations that Defendant Costello violated Plaintiff's Fourth Amendment rights by searching him without legal justification on June 18, 2014. (Compl. pp. 2-3, ECF No. 4).[1] Specifically, Plaintiff alleges that on that date, Defendant Costello and Sergeant Conk of the LVMPD "blocked [his] path" and ordered him to get off his bike so they could search him for weapons. (*Id.* p. 2). Plaintiff alleges that he then submitted to a search only because he did not feel free to leave. (*Id.* p. 3). Upon searching Plaintiff, the officers discovered a pipe containing narcotics residue, a bag of methamphetamine, and counterfeit

---

[1] In light of Plaintiff's status as a *pro se* litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1    money. (Order Denying Motion to Suppress 3:1-9, Ex. A to Defs.' Mot., ECF No. 33).[2]

2           Plaintiff was subsequently charged with possession of a controlled substance and forgery

3    in Clark County District Court. (*Id.* 1:23-26).  During the proceedings in that matter, Plaintiff

4    filed a motion arguing that the search violated his Fourth Amendment Rights and requesting

5    that the evidence that was discovered be suppressed. (Motion to Suppress, Ex. D to Defs.'

6    Mot.).  The Clark County District Court denied Plaintiff's motion on September 17, 2014,

7    finding that Plaintiff voluntarily consented to the search. (Order Denying Motion to Suppress

8    10:9-27).  Plaintiff subsequently pled guilty to committing forgery, in violation of Nev. Rev.

9    Stat. §§ 205.110 and 205.090. (Judgment of Conviction, Ex. C to Defs.' Mot.).  Plaintiff did not

10   appeal the Clark County District Court's denial of his motion to suppress.

11          Based upon the allegation that Plaintiff did not voluntarily consent to the search, the

12   Complaint sets forth a claim against Defendants pursuant to 42 U.S.C. § 1983 for violations of

13   Plaintiff's rights under the Fourth Amendment. (Compl. p. 2).  In their Motion, Defendants

14   argue that Plaintiff is collaterally estopped from claiming that his constitutional rights were

15   violated during the search.

16   **II. LEGAL STANDARD**

17          Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—

18   but early enough not to delay trial—a party may move for judgment on the pleadings."

19   "Judgment on the pleadings is properly granted when, accepting all factual allegations in the

20   complaint as true, there is no issue of material fact in dispute, and the moving party is entitled

21   to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

22   Accordingly, "[a]nalysis under Rule 12(c) is substantially identical to analysis under Rule

23   12(b)(6) because, under both rules, a court must determine whether the facts alleged in the

24   _____

25   [2] As records of proceedings in other courts that have a direct relation to matters at issue, the Court takes judicial notice of Exhibits A-D submitted with Defendants' Motion. *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).

1    complaint, taken as true, entitle the plaintiff to a legal remedy." *Id.*

2           In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege

3    "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

4    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff

5    pleads factual content that allows the court to draw the reasonable inference that the defendant

6    is liable for the misconduct alleged." *Id.*

7    **III. DISCUSSION**

8           Defendants argue that Plaintiff's claim is barred by the doctrine of collateral estoppel.

9    This doctrine holds that "when an issue of ultimate fact has once been determined by a valid

10   and final judgment, that issue cannot again be litigated between the same parties in any future

11   lawsuit." *Ashe v. Swenson*, 397 U.S. 436, 443 (1970).  The Supreme Court has previously held

12   that a § 1983 claim alleging illegal search and seizure was barred by the doctrine of collateral

13   estoppel because a state court had already ruled upon the relevant issues in a prior criminal

14   case. *Allen v. McCurry*, 449 U.S. 90, 104 (1980).

15          In determining whether a claim is barred by collateral estoppel, federal district courts

16   must look to state law. *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990).  Under

17   Nevada law collateral estoppel is referred to as "issue preclusion," and requires four elements:

18                    (1) the issue decided in the prior litigation must be identical to the
19                    issue presented in the current action; (2) the initial ruling must have
                      been on the merits and have become final; (3) the party against
20                    whom the judgment is asserted must have been a party or in privity
                      with a party to the prior litigation; and (4) the issue was actually
21                    and necessarily litigated.

22   *Alcantara ex rel. Alcantara v. Wal-Mart Stores, Inc.*, 321 P.3d 912, 916 (Nev. 2014).

23          In the instant case, Plaintiff's § 1983 claim is barred by collateral estoppel.  In ruling

24   upon Plaintiff's motion to suppress, the Clark County District Court found that the officers'

25   search did not violate the Fourth Amendment. (Order Denying Motion to Suppress 10:9-27).

The admissibility of the evidence resulting from the search was a necessary issue in the case that was directly addressed by the court, and the decision became final when Plaintiff declined to file an appeal.  Accordingly, the Court finds that the doctrine of collateral estoppel applies, and Defendants are entitled to judgment as a matter of law.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion for Judgment on the Pleadings, (ECF No. 32), is **GRANTED**.  The Clerk is instructed to enter judgment accordingly and close the case.

**DATED** this __10__ day of March, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court